WARNER D. SHAW v. SARAH L. MORLEY ET AL.

[See 79 Mich. 86; 83 Id. 322.]

*Taxes—Invalid deed—Lien of holder—Statutes.*

How. Stat. § 1167, which provides that, whenever any tax deed shall prove to be invalid for any cause not enumerated in the preceding section, the court in which the suit is pending shall ascertain the amount due to the party holding such deed for the original taxes and for those subsequently paid by him, and decree their payment, etc., relates to titles acquired *after* its passage, and to taxes paid *after* the acquirement of such titles.

Appeal from Berrien. (O'Hara, J.) , Argued October 13, 1891. Decided December 22, 1891.

Bill to enforce lien for taxes under How. Stat. § 1167. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*O. W. Coolidge* and *Edward Bacon*, for complainant.

*Jacob J. Van Riper* and *George S. Clapp*, for defendants.

McGRATH, J. This is a bill filed April 4, 1891, under How. Stat. § 1167, to enforce a lien for taxes paid by one who has been ousted.

At the annual tax sale in October, 1853, Pitt J. Pierce became the purchaser of the land in question for the delinquent taxes of 1852, and in January, 1855, the land being unredeemed, he received his tax deed therefor. In May, 1855, he conveyed to complainant, who took possession in 1867, by a tenant. Through some deal with the tenant, which complainant claims was fraudulent, the defendant Sarah L. Morley, who claims title

under the person who owned the fee in 1852, obtained possession in 1871. In the spring of 1873 complainant commenced proceedings in ejectment, in which case final judgment was rendered for defendant in January, 1891. Complainant paid the taxes upon said land from 1854 to 1870, inclusive, amounting to $368.49. Defendants demurred generally to said bill. The demurrer was sustained, and complainant appeals.

The section of the statute under which this bill is filed was passed in 1865, and was re-enacted in 1869. It reads as follows:

"If any conveyance, made by the Auditor General pursuant to a sale made for non-payment of taxes, shall prove to be invalid and ineffectual to convey title for any other cause than such as are enumerated in the preceding section, the lien which the State had on such land for its rightful proportion of taxes for State, county, township, and all lawful purposes shall remain in full force, and shall be transferred by such deed to the grantee, and vested in him, his heirs and assigns, who shall be entitled to recover from the owner of such lands the amount of such legal taxes, together with all the lawful charges, with interest at twenty-five per cent. from the date of such sale, and also the amount of all subsequent taxes paid by the person holding such title from the Auditor General, with like interest; and such claim shall be a lien upon such lands, and the same shall be bound for the payment thereof; and, in case judgment shall be rendered against the person holding title from the Auditor General, as aforesaid, for the recovery of such land, in any action of ejectment or other action, either at law or in equity, the court shall ascertain the amount due to the party holding such tax deed for principal and interest, and for all improvements made by him on such lands, and shall decree the payment thereof within such reasonable time as may be determined by such court, and, in default of such payment, shall decree that such lands be sold therefor," etc.

The court, upon the trial of the ejectment suit, found that complainant had paid taxes in amount and for the years above stated.

It is clear that this section of the statute had a prospective effect only. It related to titles afterwards acquired, and to taxes paid after the acquirement of such title. It is a well-recognized rule of construction that legislation is to have a prospective operation only, except where the contrary is expressly declared, or is necessarily to be implied from the terms employed. *Phillips v. New Buffalo,* 68 Mich. 217, 219, and cases cited.

The decree dismissing the bill is affirmed, with costs of both courts to defendants.

The other Justices concurred.