DUNITZ *v.* ALBERT PICK & CO.

MUNICIPAL CORPORATIONS—TAXATION—LIENS—PRIORITY—PERSONAL
PROPERTY—CHATTEL MORTGAGES—DETROIT CHARTER.
A provision of the Detroit city charter (title 6, chap. 4,
§ 26) that all taxes upon personal property shall become
a lien thereon until paid, and no transfer of the property
assessed shall operate to divest or destroy it, does not give
the city a prior lien for taxes over the lien of a ·chattel
mortgage given before the assessment.

Error to Wayne; Moynihan (Joseph A.), J.    Submitted October 20, 1927.    (Docket No. 135.)    Decided December 1, 1927.

Assumpsit by Harry Dunitz against Albert Pick & Company and the city of Detroit for taxes paid under protest.    Judgment for plaintiff against defendant city on a directed verdict.    Plaintiff and defendant city bring error.    Affirmed.

*Shapero & Shapero* (*Harold M. Shapero,* of counsel), for plaintiff.

*Walter Barlow* (*Charles P. O'Neil,* of counsel), for defendant city.

*Max Kahn* (*Leonard V. Pylkas,* of counsel), for defendant Albert Pick & Co.

SHARPE, C. J.    The charter of the city of Detroit (tit. 6, chap. 4, § 26) provides:

"All city taxes upon personal property shall become on said fifteenth day of July a lien thereon and so remain until paid, and no transfer of the personal property assessed shall operate to divest or destroy such lien."

Municipal Corporations, 28 Cyc. p. 1705; 35 L. R. A. 373; 35 L. R. A. (N. S.) 761.

The taxes upon the personalty in what are known as the Lewis Cass apartments for the years 1924 and 1925 were unpaid on June 1, 1926. Demand was made therefor, with threat of levy. The plaintiff paid, and in this action was permitted to recover the amount so paid. The city reviews the judgment entered by writ of error.

The only question presented is whether the tax lien takes precedence over a chattel mortgage executed and filed before the lien attached. This question has, we think, been squarely decided by this court in *Lucking* v. *Ballantyne*, 132 Mich. 584. It was there held (quoting from the syllabus):

"A charter provision that all city taxes upon personal property shall be a lien thereon until paid, and no transfer of the property assessed shall operate to divest or destroy it, does not give the city a prior lien for taxes over the lien of a chattel mortgage given before the assessment."

The question was discussed at length by Mr. Justice CARPENTER, and the conclusion reached as stated. The city counselor insists that this decision "is in conflict with later holdings of this court and other courts on the same question involved in that case." We do not so find. *Crawford* v. *Koch*, 169 Mich. 372, is, we think, clearly distinguishable. The *Lucking Case* has been the law of this State since 1903. It states a rule of property by which purchasers may be guided. It also appears that the city charter was thereafter amended, but no change made in the provision above quoted. We have a right to assume that with it the city authorities were content.

The judgment is affirmed.

BIRD, FLANNIGAN, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.