DETROIT TRUST CO. *v.* CITY OF DETROIT.

1. Statutes—Prospective Operation.
   All statutes are prospective in their operation excepting in such cases as the contrary clearly appears from the context of the statute itself.

2. Taxation—Liens—Priority—Chattel Mortgages.
   Statute according precedence to tax lien on personal property over all other liens *held*, not retroactive in operation so as to devest lien of chattel mortgage antedating effective date of statute (1 Comp. Laws 1929, § 3429).

3. Same — Personal Property Taxes — Recovery by Chattel Mortgagee—Assessment.
   Chattel mortgagee *held*, entitled to recover taxes paid under protest on mortgaged property where it was not owner at time of assessment, which assessment was not made against it as one in possession and no attempt was made in pleadings herein to secure judgment against it as one legally bound to pay assessment (1 Comp. Laws 1929, § 3429).

Appeal from Wayne; Callendar (Sherman D.), J., presiding. Submitted June 13, 1934. (Docket No. 8, Calendar No. 37,749.) Decided October 23, 1934.

Assumpsit by Detroit Trust Company against City of Detroit, a municipal corporation, to recover taxes paid under protest on personal property. Judgment for plaintiff. Defendant appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Arthur F. Lederle* and *William J. Kent,* Assistants Corporation Counsel (*Raymond J. Kelly,* of counsel), for defendant.

*Milburn & Semmes, Bulkley, Ledyard, Dickinson & Wright* and *Butzel, Levin & Winston, amici curiæ.*

NORTH, J. Plaintiff is the mortgagee-trustee in a chattel mortgage dated January 29, 1927, covering personal property located in an apartment building in the city of Detroit. Both the building and the personal property were owned by the Chippewa Apartment Company, a Michigan corporation. The building was known as the Parkhurst Apartments. The defendant city assessed this personal property in the name of the Parkhurst Apartments. From the statement of facts in appellant's brief, which statement appellee accepts, it appears that at the time the assessment was levied this property was in the possession of plaintiff as trustee. We assume such to be the fact, notwithstanding it is denied in the *amici curiæ* brief. Upon foreclosure of the chattel mortgage in December, 1931, the property was purchased by plaintiff. The defendant city thereafter through its treasurer threatened to seize the personal property for unpaid taxes. If the assessment was valid, these taxes had become a lien under the provisions of the city charter on July 15, 1930, and July 15, 1931, respectively. Plaintiff paid the taxes under protest. In a suit against the city for recovery of the amount so paid, plaintiff had judgment. The city has appealed.

The questions briefed are: (1) Was there a valid assessment of these taxes against this personal property? (2) If the assessment was valid, was the tax lien thereon created prior and superior to plaintiff's chattel mortgage lien? (3) Is plaintiff liable for the payment of these taxes, assuming it had possession of the property at the time the assessment was made?

(1) Since decision herein is controlled by the second issue above noted, there is no occasion for considering and determining the validity or invalidity of the assessment of these taxes. Without so adjudicating, for the purposes of this case we assume the assessments were valid.

(2) Was the plaintiff's chattel mortgage lien superior to the tax lien? In denying such superiority, appellant plants itself upon Act No. 107, Pub. Acts 1929, being 1 Comp. Laws 1929, § 3429, which in part provides:

"And all personal taxes shall also be a first lien on all personal property of such persons so assessed from and after the first day of December in each year and so remain until paid, *which said lien shall take precedence over all other claims, incumbrances and liens upon said personal property whatsoever, whether created by chattel mortgage, execution levy, judgment or otherwise, and whether arising before or after the assessment of said personal taxes,* and no transfer of personal property assessed for taxes thereon shall operate to divest or destroy such lien, except where such personal property is actually sold in the regular course of retail trade."

Since plaintiff began this suit the above quoted statute was amended, but decision herein is not affected thereby. See Act No. 38, Pub. Acts 1934 (2d Ex. Sess.).

From the facts hereinbefore recited, it is apparent that appellant is asserting priority of a tax lien provided in a legislative enactment which became effective August 28, 1929, as against the lien of a chattel mortgage given January 29, 1927. In so contending appellant takes the position that the statute providing for priority of the tax lien is retrospective rather than prospective, and that the statute

gives priority to the tax lien notwithstanding the chattel mortgage lien antedated the legislative enactment. We think this position is not tenable. Even if we were to assume that the legislature had the power so to do, it will be noted that it did not provide that priority of the tax lien should apply as against chattel mortgages given before the enactment became effective. We think it is settled as a general rule in this State, as well as in other jurisdictions, that all statutes are prospective in their operation excepting in such cases as the contrary clearly appears from the context of the statute itself.

"Indeed, the rule to be derived from the comparison of a vast number of judicial utterances upon this subject, seems to be, that, even in the absence of constitutional obstacles to retroaction, a construction giving to a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute taken by themselves and in connection with the subject-matter, and the occasion of the enactment, admitting of no reasonable doubt, but precluding all question as to such intention." Endlich, Interpretation of Statutes, § 271.

"Nevertheless, legislation of this character is exceedingly liable to abuse; and it is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively." Cooley's Constitutional Limitations (8th Ed.), p. 772.

"Statutes will not be given a retroactive effect unless the legislative intent clearly appears and vested rights are unimpaired." *Board of Super-*

*visors of Arenac County* v. *Board of Supervisors of Iosco County* (syllabus), 158 Mich. 344.

Appellee asserts, and we think that its position is sound, that unless the quoted statutory provision is given a retrospective construction, the question of priority of the chattel mortgage lien over that of the tax lien is controlled in this jurisdiction by our former decisions in *Lucking* v. *Ballantyne,* 132 Mich. 584, and *Dunitz* v. *Albert Pick & Co.,* 241 Mich. 55.

In each of these cases the question presented involved the priority of a chattel mortgage lien as against the lien for unpaid personal taxes as provided in the Detroit city charter. The scope of the two cited decisions is outlined in the syllabus of the *Lucking Case,* which reads:

"A charter provision that all city taxes upon personal property shall be a lien thereon until paid, and no transfer of the property assessed shall operate to devest or destroy it, does not give the city a prior lien for taxes over the lien of a chattel mortgage given before the assessment."

In the above case, Justice CARPENTER, speaking for the court, said:

"The legislature, having in express terms made this tax lien superior to subsequent transfers, clearly indicates, by omitting to specify its effect on prior transfers, an intent that it shall not be superior to them.  *  *  * It has always been the policy of the law—supposedly in the interest of trade—to make personal property easily transferable, and to secure to purchasers and mortgagees the entire title of the seller and mortgagor. *It would be a radical change, indeed, in that policy, if their title is to be destroyed by a tax subsequently assessed against the person from whom that title was acquired.* When the legislature intend to make such a change, it is to be pre-

sumed that they will indicate that intent by appropriate language. By the legislation in question they have not only failed to indicate it, but they have, as already stated, used language which is inconsistent with any such intent."

In the *Dunitz Case* (1927), *supra,* Chief Justice SHARPE said:

"The only question presented is whether the tax lien takes precedence over a chattel mortgage executed and filed before the lien attached. This question has, we think, been squarely decided by this court in *Lucking* v. *Ballantyne,* 132 Mich. 584. * * * The *Lucking Case* has been the law of this State since 1903. It states a rule of property by which purchasers may be guided."

There being no provision to the contrary in Act No. 107, Pub. Acts 1929, it must be held not to have a retrospective effect. The statute not being retrospective, the two decisions last above quoted are controlling. The tax lien provided in the quoted statutory enactment is not superior to a chattel mortgage lien which antedates the effective date of the statute.

(3) Even if we assume that plaintiff, as trustee, was in possession of the personal property when these taxes were assessed, can it be here held liable for the payment of such taxes? There is no claim, nor could there be, that plaintiff was the owner of this personal property when the taxes were assessed. The taxes were not assessed to plaintiff as a person in possession of this personal property. Instead, as noted above, the assessment was in the name of the Parkhurst Apartments. Further there is no attempt under the pleadings in this case to secure judgment against plaintiff as one who was legally bound to pay the assessed tax.

For the reasons hereinbefore indicated, the judgment entered in the circuit court is affirmed, with costs to appellee.

Nelson Sharpe, C. J., and Potter, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.