*In re* DAVIS' ESTATE.

STATE *v.* UPHAM.

1. STATUTES—RETROACTIVE OPERATION.
   The legislature must give a clear, direct and unequivocal expression of its intent to have a statute operate retroactively.

2. SAME—PROSPECTIVE OPERATION.
   All statutes are prospective in operation except as the contrary clearly appears from the context of the statute itself, precluding all question as to intention to operate retroactively.

3. PAUPERS—OLD AGE ASSISTANCE—STATUTES.
   The social welfare act provides that old age assistance shall be given to any person who has attained the age of 65 years or upwards and fulfills the other statutory requirements (CL 1948, § 400.26).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 50 Am Jur, Statutes, § 478.
[4, 5, 7.] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds, § 41.
[4, 5, 7.] Right of public to reimbursement from recipient, his estate or relatives, of old age assistance payments. 125 ALR 712.
[6] 3 Am Jur, Appeal and Error, § 1211.
[8] 14 Am Jur, Costs, § 11.

4. SAME—OLD AGE ASSISTANCE—VESTED RIGHTS—REIMBURSEMENT OF STATE.

Grants of old age assistance until October 11, 1947, became the property of the recipient when and as received and those theretofore received were not affected by amendment of statute which became effective on that date authorizing the State to file claim for reimbursement from the estate of the deceased for old age assistance grants paid during the lifetime of the deceased, since the recipient had vested rights in the earlier receipts, which may not be impaired (PA 1939, No 280, § 34a, as added by PA 1947, No 262).

5. SAME—OLD AGE ASSISTANCE—REIMBURSEMENT OF STATE—RETRO-ACTIVE STATUTES.

Provision of social welfare act that aid and relief granted thereunder should be deemed held subject to the provisions of any amending or repealing act that might thereafter be passed and that no recipient of aid should have any claim for compensation by reason of his aid being affected in any by any amending or repealing act, did not require that subsequent amendment which did not itself require an interpretation that it operate retroactively, be so interpreted as to permit reimbursement of State for grants of old age assistance from estates of recipients for grants made prior to such subsequent amendment (PA 1939, No 280, § 34a, as added by PA 1947, No 262; § 62).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—REMAND.

Case in which State's claim that deceased recipient of old age assistance prior to effective date of amendment of social welfare act authorizing reimbursement of State from estate of deceased recipient, was in possession of personal property in excess of legal limitations at the time of receiving such assistance was denied by trial court is not remanded for the taking of further testimony, where the record does not substantiate the claim and no cross appeal was taken, since the matter is not before the Court for decision (PA 1939, No 280, § 34a, as added by PA 1947, No 262; CL 1948, §§ 400.27, 400.60).

7. PAUPERS—REIMBURSEMENT FROM ESTATE OF RECIPIENT—EXCESS PROPERTY.

The State is entitled to reimbursement from the estate of a deceased recipient of old age assistance grants made after amendatory statute became effective authorizing recovery of such grants, where it appears the recipient was in possession of property in excess of the statutory maximum (CL 1948, §§ 400.26, 400.34a, 400.62).

8. Costs—Each Party Prevailing Only in Part.

No costs are allowed on appeal in State's proceeding to recover grants of old age assistance from the estate of a recipient, now deceased, where each party has prevailed only in part (CL 1948, §§ 400.26, 400.34a, 400.62).

Appeal from Kent; Souter (Dale), J. Submitted April 4, 1951. (Docket No. 20, Calendar No. 44,979.) Decided June 4, 1951.

In the matter of the estate of Emma E. Davis, deceased. The State of Michigan presented its claim for amount of old age assistance granted. Claim denied in probate court. On appeal to circuit court claim allowed. Defendant administrator appeals. Reversed for entry of order remanding for judgment for claimant in lesser amount.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara* and *Roland V. Remington,* Assistants Attorney General, for plaintiff.

*Buford A. Upham,* administrator, *in pro. per.*

Boyles, J. Emma E. Davis died May 8, 1949, and her estate is now in the course of administration in the Kent county probate court. The State filed a claim against the estate in said court to recover $2,814.30 in old age assistance payments alleged to have been paid to her from October, 1939, through April, 1949, and interest at 5 per cent. The basis of the State's claim was and still is that Emma Davis received said old age assistance while ineligible, and contrary to the provisions of PA 1939, No 280, as amended, claiming that she was in possession of personal property in excess of the statutory limitations.

The probate court entered an order disallowing the claim and the State appealed to the circuit court where the matter was tried by the court without a

jury and an order entered allowing the State's claim. The administrator appeals.

The controlling question in the case is whether the provisions of section 34a of the social welfare act (CL 1948, § 400.34a [Stat Ann 1950 Rev § 16.434 (1)]) and section 62 of said act (CL 1948, § 400.62 [Stat Ann 1950 Rev § 16.462]), read together, require the conclusion that section 34a operates retroactively, so as to allow a claim against the estate of a deceased person for old age assistance payments made prior to October 11, 1947, the effective date of said section 34a. The circuit court said yes.

The material part of said section 34a, which was added to the social welfare act by PA 1947, No 262, effective October 11, 1947, provides:

"The State bureau may file a claim for reimbursement from the estate of the deceased for old age assistance grants paid during the life time of the deceased, and such claim shall be allowed and paid in the same manner as claims filed against the estate of deceased persons, and shall be paid into the general fund of the State."

Section 62 of said act, passed in 1939, provides:

"All aid and relief granted under this act shall be deemed to be granted and to be held subject to the provisions of any amending or repealing act that may hereafter be passed, and no recipient thereof shall have any claim for compensation, or otherwise, by reason of his aid or relief being affected in any way by any amending or repealing act."

Does said section 62 require that section 34a be held to operate retroactively, so as to entitle the State to have a claim allowed against the estate of a deceased person for old age assistance payments made to such person prior to October 11, 1947, the effective date of section 34a? Section 34a does not in itself indicate that the legislature intended it to

operate retroactively, and it is a fundamental rule of law that the legislature must give a clear, direct and unequivocal expression of its intent to that effect if a statute is to have retroactive effect. Can such a clear, direct and unequivocal expression of such an intent be gleaned from section 62? The answer is no.

"We think it is settled as a general rule in this State, as well as in other jurisdictions, that all statutes are prospective in their operation excepting in such cases as the contrary clearly appears from the context of the statute itself.

" 'Indeed, the rule to be derived from the comparison of a vast number of judicial utterances upon this subject, seems to be, that, even in the absence of constitutional obstacles to retroaction, a construction giving to a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute taken by themselves and in connection with the subject matter, and the occasion of the enactment, admitting of no reasonable doubt, but precluding all question as to such intention.' Endlich, Interpretation of Statutes, § 271." *Detroit Trust Co.* v. *City of Detroit,* 269 Mich 81.

To the same effect, see *Ramey* v. *Michigan Public Service Commission,* 296 Mich 449; *In re Dissolution of Ever Krisp Food Products Co.,* 307 Mich 182, 213; *Michigan Bell Telephone Co.* v. *Michigan Public Service Commission,* 315 Mich 533, 547 (66 PUR NS 287).

The social welfare act provides that old age assistance shall be given to any person who has attained the age of 65 years or upwards and fulfills the other statutory requirements. CL 1948, § 400.26 (Stat Ann 1950 Rev § 16.426). Emma Davis applied

for and received assistance from October 1, 1939, through April, 1949. It was a gratuity, and the payments became her property when and as she received them. Until October 11, 1947, there was no provision in the act whereby the State might file a claim against the estate of a deceased beneficiary under the act for reimbursement for grants paid the beneficiary during lifetime. Emma Davis, the recipient, had a vested right in the grants, after their receipt. Under another statute, but on somewhat similar circumstances, the Court said:

"These rights vested under CL 1897, § 4424, and were not lost by the amendment of 1903,* which should be held to be limited to cases arising thereafter:

"(1) Under the rule that statutes will not be considered retroactive unless the intent that they should have retroactive effect clearly appears (citing cases).

"(2) It cannot be construed as retoactive to the detriment of vested rights (citing cases)." *Board of Supervisors of Arenac County* v. *Board of Supervisors of Iosco County,* 158 Mich 344.

"It is conceded that vested rights may not be impaired by legislative action." *Ramey* v. *Michigan Public Service Commission, supra.*

Appellee indicates reliance on the reference in section 34a to grants "paid during the lifetime of the deceased." Naturally, a claim for reimbursement from an estate would be for grants paid to the beneficiary during her lifetime. But that language does not show clearly a legislative intent that section 34a should be given retroactive effect, or that vested rights should be disturbed. Such a legislative intent must clearly appear from the context of the statute itself. *Detroit Trust Co.* v. *City of Detroit, supra.*

---

* PA 1903, No 7. As later amended, see CL 1948, § 327.15 (Stat Ann § 14.75).—Reporter.

"It is true the language is general, but it is still subject to the rule of interpretation which imputes an intention *against* retrospective action unless the terms clearly indicate an intention *in favor* of it." *Finn* v. *Haynes,* 37 Mich 63.

In accord with the decisions above referred to, we conclude that section 62 of the act, passed in 1939, does not plainly indicate by its terms a legislative intent that section 34a, passed in 1947, should have a retroactive effect. It does not indicate that "the provisions of any amending or repealing act that may hereafter be passed," (*e.g.* section 34a, passed in 1947) should operate retroactively. Both sections may be given effect without such a construction being necessarily implied from section 62 as to section 34a. Under section 62, any grants may be changed or cut off by a later amendment or by repeal, without any "claim for compensation" being based on the fact of such change or repeal.

The State bases its claim for reimbursement on the ground that Emma Davis was in possession of personal property in excess of legal limitations, at the time of receiving the payments in question, relying on CL 1948, § 400.27 (Stat Ann 1950 Rev § 16.427). There is no occasion to consider or discuss here whether reimbursement might be had under section 60 of the act (CL 1948, § 400.60 [Stat Ann 1950 Rev § 16.460])* by claiming that the assistance had been obtained by false representations or fraud. While some claim to that effect appears to have been brought into the trial in the circuit court, the judge specifically decided it adverse to the State's position and no cross appeal has been taken. Nor do we find in the record any proof to substantiate such a claim, if made. We are not in accord with the suggestion of counsel for appellee that we

---

* The amendment by PA 1950 (Ex Sess), No 18, has no bearing here.

remand the case to the circuit court for testimony on that issue. It was not brought here on the appeal.

Subsequent to October 11, 1947, Emma Davis received assistance amounting to $663.20, from November, 1947, to April, 1949, inclusive. There was competent testimony to the effect that on May 4, 1949, she was in possession of more than $1,000 in currency, under circumstances showing that she had been in such possession for some considerable period of time. The record supports the conclusion that subsequent to the effective date of section 34a Emma Davis during her lifetime received a total of $663.20 in social aid at a time when she was in possession of personal property in excess of the statutory maximum. The State is entitled to recover said amount.

Reversed for entry of an order remanding for entry of judgment for claimant in the amount of $663.20 and interest, and return to the probate court for further appropriate proceedings. No costs, each party having prevailed only in part.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.