CARPENTER *v.* CLEVELAND

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—TIMELY OBJECTION.
   Claimed errors in a charge to jury are not considered on appeal
   where there was a failure to make a timely objection (GCR
   1963, 516.2).

2. NEW TRIAL—APPEAL AND ERROR—DISCRETION.
   An appellate court will interfere with the discretion of the trial
   court in granting a new trial only when an unprejudiced person
   can say, upon the facts on which the trial judge acted, that
   there was no justification or excuse for the ruling made.

Appeal from Berrien, Julian E. Hughes, J.   Submitted Division 3 October 6, 1970, at Grand Rapids.
(Docket No. 8564.)   Decided March 30, 1971.

Complaint by Marilyn Carpenter and Clarence
Carpenter against Cecil Franklin Cleveland for
injuries in an automobile accident.   Judgment on
a jury verdict for defendant.   Plaintiffs appeal.
Affirmed.

*Sinas, Dramis, Brake & Turner* (by *Lee C. Dramis*), for plaintiffs.

*Sondee & Henderson,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 891.
[2] 4 Am Jur 2d, Appeal and Error §§ 61, 123, 124.
   Formal requirements of judgment or order as regards appealability.  73 ALR2d 250.

Before: HOLBROOK, P. J., and R. B. BURNS and J. J. KELLEY, JR.,* JJ.

PER CURIAM. Plaintiff wife was a passenger in an automobile operated by one Benhart in an easterly direction on a through highway. Benhart intended to make a left turn at the intersection. Defendant was driving his automobile in a southerly direction on an intersecting road. A collision occurred. Plaintiff wife alleged that her resulting injuries were caused by defendant's failure to yield pursuant to the stop sign. Defendant alleged that Benhart caused the collision by cutting across the intervening northwest corner in making the left turn so as to enter defendant's south-bound lane of travel and collide with defendant's vehicle north of the intersection. Plaintiff husband sought damages for loss of his wife's company and companionship. Following an adverse jury verdict, plaintiffs appeal, making two claims.

I. The trial court erred in refusing to grant a new trial on the basis that the court's instructions failed to inform the jury that plaintiffs could recover if they found that plaintiffs' driver had cut across and defendant had entered the intersection (*i.e.*, if both drivers were partly at fault).

Examination of the instructions reveals that they fully, clearly and correctly covered the issues, including that which plaintiffs now raise:

"You will find for the defendant if the plaintiff was not injured or damaged or if the defendant was not negligent or if such negligence was not the proximate cause of the injuries or damages.  *  *  *  If you determine that the defendant did enter M–60, which is a state trunkline, from the South Bend Road without stopping, he would be guilty of negli-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gence as a matter of law, and if you further find that such negligence was the proximate cause of the ensuing collision, the defendant, Cleveland, would be liable to the plaintiff for such damages as have been shown by the evidence."

At the conclusion of the instructions plaintiffs' counsel stated on the record "I'd like to say, your Honor, it's a fine charge, I have no exceptions at all." Having failed to object at trial, plaintiffs may not now be heard to complain. GCR 1963, 516.2.

II. The trial court should have granted a new trial on the basis that the verdict was against the great weight of the evidence.

A new trial may be ordered if the court in its discretion considers the verdict to be against the great weight of the evidence. GCR 1963, 527.1(5). *Davis* v. *Belmont Creamery Co.* (1937), 281 Mich 165. An appellate court will interfere with the trial court's exercise of its discretion in this regard only if abuse of its discretion is so plain that upon consideration of the facts upon which the trial judge acted an unprejudiced person can say that there was no justification or excuse for the ruling made. *Patzke* v. *Chesapeake & O. R. Co.* (1962), 368 Mich 190.

Examination of the record reveals that, both during his deposition and on trial, the defendant testified repeatedly that his car never reached the intersection, that at the time of impact it stopped north of the intersection. Believing this testimony, the jury could have determined these to be facts and have concluded therefrom that Benhart's actions were the sole proximate cause of the collision. The trial judge did not abuse his discretion.

Affirmed. Costs to defendant.