OLKOWSKI v AETNA CASUALTY & SURETY COMPANY

1. NEGLIGENCE—WORKMEN'S COMPENSATION—INSURER—SAFETY IN-
SPECTIONS—RELIANCE—INSTRUCTIONS TO JURY.

An instruction to the jury on the issue of reliance on a work-
men's compensation insurer's safety inspections by a worker
who died from injuries received on his job is not required in a
case against the insurer for failure to use due care or discover
the unsafe working conditions that had caused the worker's
death after the insurer had undertaken to make safety inspec-
tions at the plant for the employer because the rule in Michi-
gan governing actions of this nature is stated in the disjunctive
and reliance by either the decedent or his employer is not a
factor as to the theory of recovery under that portion of the
rule which subjects the insurer to liability where it undertook
to perform a duty owed by the employer to provide a safe place
to work to the worker (2 Restatement Torts, 2d, § 324A, p 142).

2. STATUTES—LEGISLATURE—INTENT—RETROACTIVE APPLICATION.

The Legislature must give a clear, direct, and unequivocal expres-
sion of its intent to that effect if a statute is to have retroactive
application.

3. STATUTES—RETROACTIVE APPLICATION—PROSPECTIVE APPLICATION.

A statute can only be applied prospectively from its effective date,
October 30, 1972, where there is no specific legislative expres-
sion of intent to make the act retroactive (1972 PA 285).

Appeal from Wayne, George E. Bowles, J. Sub-
mitted Division 1 February 13, 1974, at Detroit.
(Docket No. 16824.) Decided May 30, 1974. Leave
to appeal applied for.

Complaint by Mary Olkowski, special adminis-
tratrix of the estate of Chester Olkowski, deceased,
against Aetna Casualty & Surety Company for

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 77.
[2, 3] 73 Am Jur 2d, Statutes §§ 347–355.

damages resulting from negligently conducted safety inspections which caused decedent's injury and death. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Ripple & Chambers, P. C.,* for plaintiff.

*Goldman, Mason & Steinhardt,* for defendant.

Before: V. J. BRENNAN, P. J., and McGREGOR and T. M. BURNS, JJ.

T. M. BURNS, J. On October 5, 1967, Chester Olkowski worked for Wyandotte Corporation (hereinafter referred to as Wyandotte) in the packaging building of the work complex. While engaged in duties as a laborer, Olkowski suffered severe injuries in an unwitnessed accident ultimately resulting in his death. It was undisputed that while stacking pallets of metal drums four pallets high, one of the drums on the top pallet struck a protrusion on the ceiling causing the drum to topple backwards, striking Olkowski in the head and severing his spinal cord.

Olkowski's widow, plaintiff herein, applied for and received workmen's compensation benefits. Subsequently, she filed this suit against defendant Aetna Casualty & Surety Company (hereinafter referred to as Aetna), Wyandotte's workmen's compensation insurer, as widow and special administratrix of the estate of Chester Olkowski. She alleged that Aetna had undertaken to make safety inspections of Wyandotte's plant and had failed to use due care or discover the unsafe working conditions that had caused Olkowski's death.

After a full jury trial on the merits, the jury rendered a verdict in plaintiff's favor in the amount of $404,000, and judgment was entered

upon the verdict. Defendant Aetna moved for judgment notwithstanding the verdict, and the motion was subsequently denied by the trial court.

Defendant first contends that the trial court committed reversible error in its instructions on duty.

Defense counsel submitted a proposed instruction on duty to the trial court. In its charge to the jury, the trial court adopted almost verbatim the defendant's request to charge. All of the essential elements of what defendant in its brief terms "duty" were submitted to the jury. Furthermore, defense counsel made no objection to the trial court's charge on duty. Defendant's failure to object precludes the assignment of error. GCR 1963, 516.2.

Defendant next claims that the trial court's failure to instruct the jury on the issue of reliance on defendant's safety inspection by the plaintiff's decedent was reversible error.

Since defense counsel objected at the close of the charge to the jury and had previously requested that the trial court charge the jury on the issue of reliance, this issue has been properly preserved for appeal.

Not only was there no instruction upon reliance, but there was no testimony at trial that would indicate that plaintiff's decedent relied upon the inspections made by Aetna. Should we conclude that it was necessary for the plaintiff to show that the decedent did in fact rely on the inspection made by Aetna, then reversal would be required since the plaintiff would have failed in her proofs on this element and the trial court would have erred in not granting defendant's motion for a directed verdict or at least in not submitting this issue to the jury.

In support of its claim that it was entitled to a jury instruction on reliance, defendant cites *Ray v Transamerica Insurance Co,* 46 Mich App 647; 208 NW2d 610 (1973). The Court, in *Ray, supra,* stated at pp 656–657:

"The panel is also in full agreement and does hold the rule in Michigan governing actions of the nature involved in this appeal to be that enunciated in 2 Restatement Torts, 2d, § 324A, p 142, which provides:

" 'One who undertakes gratuitously or for consideration to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, *if*

" '(a) his failure to exercise reasonable care increases the risk of harm, *or*

" '(b) he has undertaken to perform a duty owed by the other to the third person, *or*

" '(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.' (Emphasis supplied.)"

In *Ray,* as in the instant case, plaintiff's theory of recovery was that the defendant had undertaken to perform the employer's duty to the employee to provide a safe place to work.

The *Ray* Court went on to state, at p 657:

"It is important to note that the rule enunciated and as found in the Restatement provides for three alternative theories of recovery. Neither the rule nor the Restatement requires that a combination of, or all of the theories be proven to establish liability. *The rule is stated in the disjunctive. Proof of either theory is a valid basis for recovery."* (Emphasis supplied.)

After making this statement, the Court in *Ray, supra,* using principles of master-servant law, concluded that while proof that defendant has under-

taken to perform a duty owed by the employer to the third person may be a valid basis for recovery, in this type of situation reliance on that undertaking was a relevant consideration. The Court went on to hold that the defendant was entitled to a jury instruction on the issue of reliance.

Chief Judge LESINSKI, in an opinion in which he concurred in part and dissented in part, argued that the issue of reliance is not properly a jury question where plaintiff's theory of recovery is that defendant has undertaken to perform the employer's duty to provide a safe working environment. The Chief Judge also maintained that the master-servant doctrine is inapplicable to a third-party tort theory such as plaintiff's when he stated, at pp 659–660:

"On the issue of reliance, I find the position of the majority to be inconsistent. If the rule in Michigan is as we agree and state it to be, then clearly reliance by either the plaintiff or his employer is not a factor as to the theory of recovery under subparagraph (b) of the Restatement. 2 Restatement Torts, 2d, § 324A, p 142.

"The majority on this issue would unduly increase the burden of the plaintiff's proofs because the inspections were performed for the employer of the plaintiff. The majority must of necessity invoke some of the principles involved in the master-servant doctrine to arrive at this position. This writer does not find them applicable because the Workmen's Compensation Act has abrogated the relationship in cases such as plaintiff's, who is in covered employment."

Chief Judge LESINSKI then went on to conclude that in his opinion the doctrine of reliance had been misapplied, since in an action against the defendant workmen's compensation carrier, the question is more appropriately one of contributory negligence rather than reliance.

We find the reasoning of Chief Judge LESINSKI in his opinion in *Ray, supra,* to be more persuasive. We agree with his view that since the rule in Michigan governing actions of this nature is stated in the disjunctive, reliance by either the plaintiff's decedent or his employer is not a factor as to the theory of recovery under subparagraph (b) of the Restatement, *supra.* Therefore, in the instant case, defendant Aetna was not entitled to an instruction on the issue of reliance, and the trial court's refusal to give such instruction was not error.

Defendant also claims that the trial court erred reversibly in not instructing upon the issue of authority or control over the alleged dangerous condition.

No request for such an instruction was made by defense counsel. At the conclusion of the trial court's charge to the jury, defense counsel, while objecting to other refusals to charge, did not object to the fact that the court did not instruct upon authority to correct the defect. Therefore, this issue has not been properly preserved for review. GCR 1963, 516.2; *Obeginski v James,* 4 Mich App 90; 143 NW2d 579 (1966); *Carpenter v Cleveland,* 32 Mich App 213; 188 NW2d 248 (1971); *Grove v Story Oldsmobile, Inc,* 31 Mich App 613; 187 NW2d 923 (1971).

Defendant finally asserts that Public Act 285[1] of

[1] 1972 PA 285 amended MCLA 418.131; MSA 17.237(131), to read:

"Sec. 131. The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract."

1972 PA 285 also amended MCLA 418.827; MSA 17.237(827) to read:

1972, (MCLA 418.131; MSA 17.237[131]; and MCLA 418.827; MSA 17.237[827]) operates retroactively to bar this action. We disagree.

It is a fundamental rule of law that the Legislature must give a clear, direct and unequivocal expression of its intent to that effect if a statute is to have retroactive effect. *Chesapeake & Ohio R Co v Public Service Commission,* 382 Mich 8; 167 NW2d 438 (1969); *Briggs v Campbell, Wyant & Cannon Foundry Co,* 379 Mich 160; 150 NW2d 752 (1967); *In re Davis' Estate,* 330 Mich 647; 48 NW2d 151 (1951). Can such a clear, direct and unequivocal expression of such an intent be gleaned from PA 285? The answer is no.

"We think it is settled as a general rule in this State, as well as in other jurisdictions, that all statutes are prospective in their operation excepting in such cases as the contrary clearly appears from the context of the statute itself.

" 'Indeed, the rule to be derived from the comparison of a vast number of judicial utterances upon this subject, seems to be, that, even in the absence of constitutional obstacles to retroaction, a construction giving to a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute taken by themselves and in connection with the subject-matter, and the occasion of the enactment, admitting of no reasonable doubt, but precluding all question as to such intention.' Endlich, Interpretation of Statutes, § 271."

---

"(8) The furnishing of, or failure to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance, or pursuant to a contract providing for safety inspections or safety advisory services between the employer and a self-insurance service organization or a union shall not subject the insurer, self-insured service organization or the accident fund, or their agents or employees, or the union, its members or the members of its safety committee, to third party liability for damages for injury, death or loss resulting therefrom."

*Detroit Trust Co v Detroit,* 269 Mich 81, 84; 256 NW 811, 812–813 (1934).

To the same effect, see *Ramey v Public Service Commission,* 296 Mich 449; 296 NW 323 (1941); *In re Dissolution of Ever Krisp Food Products Co,* 307 Mich 182, 213; 11 NW2d 852 (1943); *In re Davis' Estate, supra.*

In the present case, there being no specific legislative expression of intent to make the act retroactive, 1972 PA 285 can only be applied prospectively from the effective date, October 30, 1972.

Affirmed, costs to plaintiff.

All concurred.