William E. SCHULZ, Plaintiff,

v.

STANDARD ACCIDENT INSURANCE
COMPANY OF DETROIT,
Defendant.

No. 1181.

United States District Court,
E. D. Washington, N. D.

Oct. 28, 1954.

Henry Opendack, Spokane, Wash., for plaintiff.

Witherspoon, Witherspoon & Kelley, Spokane, Wash., for defendant.

DRIVER, District Judge.

■ Plaintiff brought this action for damages for personal injury. Defendant, before answer, with one supporting affidavit, has moved for summary judgment.[1] This court has jurisdiction based upon diversity of citizenship. The facts, which must be regarded as undisputed for the purpose of passing upon the motion, as they appear in plaintiff's complaint and defendant's uncontroverted affidavit, are as follows:

On October 16, 1952, plaintiff, while employed as an electrician by Bunker Hill & Sullivan Mining Company at Kellogg, Idaho, was injured as the result of an accident arising out of, and in the course of his employment. The injury consisted of a fracture of the neck of the femur. In the course of surgical treatment, a plate and screws were placed in plaintiff's thigh. On February 16, 1954, at the request of the defendant (who was the surety or insurance carrier of plaintiff's employer) the plaintiff submitted to a physical examination by a Spokane physician selected and employed by defendant. The examination was not for the purpose of treating plaintiff, but for the sole purpose of ascertaining his physical condition for the information of defendant. In conducting the examination the physician failed to exercise ordinary care, handled the plaintiff in a rough and unreasonable manner, and thereby caused a fracture of the plate in his thigh, and a new fracture of the femur. As a result of the additional injury, plaintiff was obliged to undergo another surgical operation, suffered severe pain, and sustained permanent disability, to his damage in the amount of $40,120. Pursuant to the Idaho Workmen's Compensation Act[2] defendant paid plaintiff his medical and hospital expenses and disability compensation from the date of the original accident.

■ In this action, defendant, as insurance carrier, stands on precisely the same footing so far as liability to plaintiff is concerned, as plaintiff's employer. If plaintiff could not recover against his employer on the claim advanced in his complaint, he cannot recover against the defendant.[3]

In Sarber v. Aetna Life Ins. Co., cited in footnote 3, an injured workman, subject to the provisions of the Workmen's Compensation Act of California, sought recovery of damages from his employer's insurance carrier for aggravation of his injury caused by negligent medical treatment furnished by a physician at the instance of defendant carrier. The court held that the original accident was the proximate cause of the aggravation of injury resulting from the improper medical care; that the injury, therefore, was compensable under the Workmen's Compensation Act; and that, the remedy provided by the Act being exclusive of all other remedies, common law or statutory, as between the employee on the one hand and the employer and insurance carrier on the other, the plaintiff employee's action against the insurance carrier could not be maintained. In the opinion, Judge Rudkin, an able jurist who was then a Circuit Judge but formerly had been one of my predecessors on this court, said:

"Under the great weight of authority the employer is liable for all legitimate consequences follow-

---

1. See Fed.Rules Civ.Proc. Rule 56(b), 28 U.S.C.A.

2. I.C.A. Sec. 43–901 et seq., I.C. Sec. 72–101 et seq.

3. Sarber v. Aetna Life Ins. Co., 9 Cir., 23 F.2d 434, 435; 71 C.J. 915.

ing an accident, including unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability, based on the ultimate result of the accident, regardless of the fact that the disability has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician."

Judge Rudkin's pronouncement was made in 1928, it is true, but only last year (July 11, 1953), District Judge Morris of the United States District Court, District of Columbia, in a similar case, Fernandez v. Gantz, D.C., 113 F.Supp. 763, 764, restated the rule in substantially the same language, as follows:

"Under the great weight of authority, however, the employer is liable for all legitimate consequences following an accident, including unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his

disability, based on the ultimate result of the accident, regardless of the fact that the disability has been aggravated and increased by the employer's selected physician, and that this remedy is exclusive." [4]

█ Plaintiff tacitly concedes that the rule as stated in the foregoing quotation is supported by "the great weight of authority". He points out, however, that his claim is based upon the Idaho Workmen's Compensation Act and contends that the construction placed upon the Act by the Idaho Supreme Court, which construction this court is bound to accept, sanctions his right to assert his claim against the defendant. I agree that the construction of a statute of Idaho by the highest court of that state should be followed even though not in accord with the decisions of other states upon similar statutes.[5] I do not agree that there is any controlling decision by the Idaho Court on the issue raised here by defendant's motion.

█ As an industrial workman in the State of Idaho at the time of his original injury, plaintiff was subject to the Workmen's Compensation Act of that State.[6] The act gave him the

---

**4.** To the same effect see, Ross v. Erickson Construction Co., 89 Wash. 634, 155 P. 153, L.R.A.1916F, 319; Fitzpatrick v. Fidelity & Casualty Co. of N. Y., 7 Cal.2d 230, 60 P.2d 276; Annotation, 127 A.L.R. 1108, 1110.

**5.** Scherer v. Alaska Shamrock Marble Co., 185 Wash. 614, 56 P.2d 684; 50 Am.Jur. 316, 317; 21 C.J.S., Courts, § 204, p. 358.

**6.** In so far as they are deemed material here, the provisions of the Idaho Workmen's Compensation Act are as follows:
I.C.A. Sec. 43–902, I.C. Sec. 72–102— " * * * The state of Idaho, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as is otherwise provided in this act, and to that end all

civil actions and civil causes of action for such personal injuries, and all jurisdiction of the courts of the state over such causes are hereby abolished, except as is in this act provided."
I.C.A. Sec. 43–1001, I.C. Sec. 72–201— "If a workman receives personal injury caused by an accident arising out of and in the course of any employment covered by the Workmen's Compensation Law his employer or the surety shall pay compensation in the amounts and to the person or persons hereinafter specified."
I.C.A. Sec. 43–1003, I.C. Sec. 72–203— "The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury. * * *"
I.C.A. Sec. 43–1004, I.C. Sec. 72–204— "When an injury for which compensation is payable under this act shall have been

414

right to compensation by his employer or the employer's insurance carrier for personal injury caused by an accident arising out of and in the course of his employment. The remedy thus provided was by the Act made exclusive of all others, except that, if the injury was sustained under such circumstances as to create liability therefor in some person other than the employer, then plaintiff had the right at his option either to claim compensation under the Act or to bring an action at law against the other person to recover damages. Plaintiff did not have the right to bring the instant action, therefore, unless by Idaho law the injury inflicted upon him by the physician did not arise out of and in the course of his employment and was not compensable under the Idaho Workmen's Compensation Act, or the injury was such as to create liability in the defendant as a person other than his employer within the meaning of that Act.

Plaintiff relies upon Hancock v. Halliday, 65 Idaho 645, 150 P.2d 137, 154 A.L.R. 295. There, Hancock, a miner, who had suffered an injury as the result of an industrial accident, sought recovery of damages for aggravation of his injury resulting from the negligence of physicians who had contracted with his employer to furnish hospital and medical care to its employees. The action was brought against the physicians only and neither the employer nor the insurance carrier was named as a defendant. The complaint did not show whether Hancock had received any award under the Idaho Workmen's Compensation Act. The trial court sustained a demurrer to the complaint and entered judgment for defendants. The judgment was reversed on appeal by a sharply divided Supreme Court of Idaho.[7]

In considering the question whether the injury caused by the claimed malpractice was "separable" from the original injury, the author of the main opinion stated that the aggravation complained of was not the proximate result of the accident but rather the result of the negligence of the physicians who treated the injury. However, careful anaylsis of the opinion, the special concurrence, and the dissent, plainly discloses that the court did not take the position that the second, or aggravation injury inflicted by the physicians was not in the course of Hancock's employment, and not compensable under the Workmen's Compensation Act. The court regarded the injury as covered by the Act but reasoned that the physicians were persons other than the employer, and that the injured workman, therefore, had the right at his option, to claim compensation under the Act or to bring an action for damages against

sustained under circumstances creating in *some other person than the employer a legal liability* to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person: provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action." (Emphasis supplied.)

I.C.A. Sec. 43–1201, I.C. Sec. 72–401— "After an injury and during the period of disability, the workman, if so requested by his employer, or ordered by the board, shall submit himself to examination, at reasonable times and places, to a duly qualified physician or surgeon designated and paid by the employer. * * * If a workman refuses to submit himself to or in any way obstructs such examination, his right to take or prosecute any proceeding under this act shall be suspended until such refusal or obstruction ceases, and no compensation shall be payable for the period during which such refusal or obstruction continues. * * *"

7. Only the author and one other justice gave the principal opinion their unqualified approval. One justice concurred specially, and two justices dissented.

the physicians as such other persons. Hancock's action was considered a permissible exercise of his statutory option to sue third persons for damages. By way of illustration, I quote the following excerpt from the principal opinion:

> " * * * He [the employee] may invoke the statutory remedy against his employer, or the common-law remedy against the third person, who, by his negligence caused the injury.
>
> "Remarks of the California court in the case of Smith v. Coleman, 46 Cal.App.2d 507, 116 P.2d 133, 136, are particularly pertinent on the point involved in this case. There, the court said: 'But where, as in the instant case, recovery for a new or aggravated injury which resulted from the negligence of the physicians who treated plaintiff's industrial injury, is sought *against the physicians only, and neither the employer nor the latter's insurance carrier is a party*, plaintiff may recover in an ordinary civil action for malpractice.'" (Emphasis supplied.) 150 P.2d at page 146.

On rehearing, the Court adhered to its former decision, 150 P.2d 149, and for the same basic reason.

The same case again came before the Idaho Supreme Court after an answer and reply had disclosed that Hancock had entered into an agreement with his employer to accept compensation under the provisions of the Workmen's Compensation Act for his injuries, and the trial court had granted defendant physicians' motion for judgment on the pleadings. The Appellate Court again reversed. It pointed out that Section 72-204, I.C., Sec. 43-1004, I.C.A. (which provides that an employer who has paid compensation shall be subrogated to the rights of the injured employee to recover against a third person liable for the employee's injury) does not require the employer to prosecute an action. It

merely gives him the privilege of prosecuting the action which he may or may not exercise, as he chooses. If he does not choose to exercise the privilege, the injured employee may bring the action. The Court held that Hancock, by his acceptance of compensation under the state law had not irrevocably committed himself to pursue the statutory remedy exclusively and had not lost his right to sue the physicians as third persons.

Hancock v. Halliday sanctions an action by an employee for damages for aggravation of an industrial injury against physicians as third persons. It does not sanction such an action against the employer or his insurance carrier. Clearly, neither of them is "some other person than the employer" within the meaning of the Idaho Compensation Act. An action against the employer would be inconsistent with the subrogation provisions of the Act, for how could an employer be subrogated to a right of action against himself? Such actions, moreover, would open the door to possible double recovery, as the injured workman could accept and receive full compensation under the Act and then maintain an action for damages against his employer. It is my conclusion that, in Idaho, as elsewhere, "under the great weight of authority," a workman may not recover from his employer, or the latter's insurance carrier, damages for aggravation of his injury resulting from the negligence of a physician in examination or treatment performed as prescribed by the Workmen's Compensation Act.

In view of the conclusion which I have reached, it is not necessary to consider defendant's contention that, in any event it would not be liable for the negligence of a physician selected to examine the plaintiff in the absence of negligence in the selection.

The motion for summary judgment is granted.