Carroll,
No. 4805.

DOROTHY SMITH

*v.*

AMERICAN EMPLOYERS' INSURANCE COMPANY.

Argued March 1, 1960.

Decided April 29, 1960.

Reargued June 8, 1960.

Former Result Affirmed June 30, 1960.

*Burns, Bryant & Hinchey* and *Lawrence E. Spellman* (*Mr. Spellman* orally), for the plaintiff.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse* (*Mr. Phinney* orally), for the defendant.

BLANDIN, J. The question presented is whether RSA ch. 281 deprives the plaintiff employee of her right to proceed at common law against a third party for allegedly negligently causing her injury, when the third party is her employer's workmen's compensation insurance carrier. The defendant contends that it does so. The issue is one of legislative intent and to determine it we must examine our workmen's compensation statute.

The material portions of RSA 281:14 read as follows: "When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee, in addition to the benefits of this chapter, may obtain damages from or proceed at law against such other person to recover damages; provided, however, that the employer shall have a lien on the amount of damages recovered by the employee, less the expenses and costs of action, to the extent of the compensation . . . paid or agreed or awarded . . . by the employer under this chapter." The statute goes on to provide that no settlement by the employee shall be binding until approved by the Commissioner of Labor, who shall make provision for payment to the employer of his lien, and it authorizes the employer to proceed against the third party if the employee delays doing so for a period of nine months after the injury, and to be subrogated in so doing to the rights of the employee. Any recovery by the employer in excess of what he has paid or agreed to pay the employee is to go to the latter.

It is obvious that the words "some person other than the employer," interpreted as they must be in accord with their "common" usage (RSA 21:2) would include the defendant insurance carrier. *McDonald* v. *Employers' Liab. Corp. Assur. Ltd.,*

288 Mass. 170. It is a person by statutory definition (RSA 21:9) and in every sense one "other than the employer." If the defendant is not to be so considered, it must be because the Legislature has intended otherwise. However, an examination of the pertinent provisions of RSA ch. 281 fails to disclose such an intent. Undisputably, there is no express exclusion of the insurance carrier.

The defendant argues that the subrogation provision in section 14, in favor of the employer, which under the policy inures to the benefit of the carrier when it has paid compensation, discloses such a design since the defendant could not be subrogated to a claim against itself. This contention fails to take into account the fact that the claim here against the carrier is for a tort allegedly committed by it as a third person against the plaintiff. Payment to the plaintiff by the defendant would not be under the policy nor in its status as carrier, but rather as an independent third party. *McCullough* v. *Company*, 90 N. H. 409, 412. So far as the defendant is concerned, its alleged liability is not that of an employer, under the Law, but one arising out of an alleged breach of common-law duty.

We have held that a fellow employee is a third party within the meaning of section 14 (*Merchants &c. Cas. Co.* v. *Tuttle*, 98 N. H. 349, 352), and also that an independent contractor may be liable under this section. *Butler* v. *King*, 99 N. H. 150, 154. While this result is contrary to the decisions in some jurisdictions, it is based on what we believe to be the sound reason that had our Legislature not intended to preserve all common-law rights to the employee, except those against the employer under the Law, it would have said so.

The defendant's position that since it has contracted with the employer under the terms of its policy, in effect, to step into the employer's shoes (RSA 281:9) and thereby be entitled to its immunities, cannot be sustained. No agreement made between these parties, to which the employee is not a party, can govern her rights against the defendant.

In regard to the validity of the plaintiff's tort action against the defendant, it is a basic principle of our jurisprudence that one who undertakes to act, even gratuitously, may be liable to persons injured by his failure to use due care. *Brunel* v. *Association*, 95 N. H. 391, 394, and authorities cited. This liability extends to all who may fairly be said to come within the orbit of risk created by the actor's negligence. See *Derby* v. *Company*, 100 N. H. 53,

58; anno. 6 A. L. R. (2d) 284. We need not labor the point that the plaintiff employee, working in proximity to the tank which exploded, falls squarely within the class entitled to protection.

The defendant further asserts that to allow a recovery against it in tort is to allow a double recovery. This is not so. Under RSA 281:14, the employer has a lien upon any recovery by the employee from a third person in a tort action to the extent of the compensation payments it has made to the employee. One purpose of this section was to prevent a double recovery by the employee from the employer and the third party. See *Gagne* v. *Greenhouses*, 99 N. H. 292, 293, 294. Here, by the terms of the insurance policy, the defendant is subrogated to the rights of the employer against a third party tort feasor. Since this is so, the defendant will be allowed to set off against any verdict against it obtained by the plaintiff in the tort action the amount of the compensation it has paid or has become obligated to pay her, on behalf of her employer, thereby preventing double recovery.

Since the question of the carrier's tort liability is purely one of local law, dependent upon the statute, authorities in other jurisdictions cited by the defendant and depending on different statutes and policies are neither controlling nor persuasive. It may be noted, however, that in such cases as *Schultz* v. *Standard Accident Ins. Co.*, 125 F. Supp. 411 (E. D. Wash. 1954), substantially relied upon by the defendant, the court based its denial of recovery on the fact that under the Idaho Compensation Act the remedies against the employer or against a third person were mutually exclusive. This, as previously pointed out, is contrary to our law where an action lies against both. *Butler* v. *King*, 99 N. H. 150. Other cases cited by the defendant, also decided under statutes and policies at variance with our own, such as suits for malpractice against physicians furnished by the employer under the Law to treat an injured employee, are not in point.

The defendant strongly urges that to permit recovery here against the insurance carrier will produce undesirable results. There is force in this contention but as we have often held such a question of policy is for the Legislature and not for this court. *Prassas* v. *Company*, 100 N. H. 209, 211.

In summary, we are asked by the defendant to construe a statute, which the Legislature has directed should be liberally interpreted, so as to bar the plaintiff from a fundamental common-law right which she would otherwise have. Furthermore, we are

requested to do so in the absence of any provision to this effect in the Law, either expressed or fairly to be implied. We do not believe we can properly do this. *Gagne* v. *Greenhouses*, 99 N. H. 292, 294. It follows that the defendant's exception to the denial of its motion to dismiss is overruled.

We come now to the carrier's final contention that the Court's order to the defendant to produce "all correspondence" concerning the accident is too broad. The motion upon which the order is based rests in substance on the fact that for a long time after the accident the plaintiff was hospitalized and unable to conduct any investigation, that the defendant did carry on such, and that much of the evidence has disappeared or is in the exclusive possession of the insurance company.

Few states have been as liberal as ours in the matter of discovery; nevertheless the process must be kept within reasonable limits. The moving party cannot be allowed to pry indiscriminately into the opponent's case to ferret out the evidence by which the case will be proved. *Reynolds* v. *Company*, 98 N. H. 251, 253; *Ingram* v. *Railroad*, 89 N. H. 277, 279. The plaintiff is entitled only to information which may be material to the preparation of her case. *Id.*, 279. It appears to us that were the plaintiff allowed to examine all correspondence relative to the accident including possibly plans for defense, suggestions as to negotiations, and estimates of the value of the case, grave injustice might be done the defendant. Such correspondence should not be within the scope of the order. The defendant's exception to the order as it relates to "all correspondence" is sustained.

> *Defendant's exceptions overruled in part and sustained in part.*

KENISON, C. J. AND LAMPRON, J., dissented; the others concurred.

KENISON, C. J. *dissenting:* So far as appears from the briefs of counsel and the majority opinion in this case, no court, until today, has allowed recovery against the workmen's compensation insurance carrier under a statute similar to RSA 281:14. See *Schultz* v. *Standard Accident Ins. Co.*, 125 F. Supp. 411 (E. D. Wash. 1954); McCoid, The Third Person in the Compensation Picture: A Study of the Liabilities and Rights of Non-Employers, 37 Tex. L. Rev. 389 (1959). Everyone agrees the crucial issue is

one of legislative intent and the question is whether our workmen's compensation statute intended to allow recovery against the workmen's compensation insurance carrier by using the statutory phrase "some person other than the employer." RSA 281:14. Whether the allowance of recovery will affect the growing and successful practice of inaugurating safety, accident prevention, and rehabilitation programs by insurance carriers adversely and to the ultimate detriment of employees is a matter for executive study and legislative assessment rather than for determination by judicial fiat. See Report of Special Committee Appointed to Study the Workmen's Compensation Law and To Cooperate with the Moreland Act Commission Investigating Workmen's Compensation Costs, Operations and Procedures, N. Y. State Bar Ass'n (January 1957). But, in any event, I am of the opinion that the Legislature did not intend to classify the workmen's compensation insurance carrier in the category of a third party tort feasor, such as an independent subcontractor. (*Butler* v. *King*, 99 N. H. 150), or a fellow employee (*Merchants &c. Cas. Co.* v. *Tuttle*, 98 N. H. 349).

Sometimes it is proper and equally profitable to examine the practical facts of life rather than relying on collapsible canons of statutory construction. *Laconia Water Company* v. *Laconia*, 99 N. H. 409, 412. No one maintains that our workmen's compensation statute is a model statute and for many years improvements to it have been made slowly and with deliberation through an unofficial committee representing labor and management. Amendments that have not received the endorsement of this joint committee have uniformly failed of enactment. I find nothing in the legislative history of our workmen's compensation statute, and in particular of RSA 281:14 which gives any support to the proposition that the workmen's compensation insurance carrier was or should be considered as an independent third party liable for injuries to employees. On the contrary, the workmen's compensation insurance carrier was considered to stand in the shoes of the insured employer and liability of the workmen's compensation insurance carrier was coequal and coextensive with that of the insured employer but no greater or different. *Breheny* v. *Essex County*, 136 N. J. L. 524, 527. Vance, Insurance (3d *ed.*) 798; Reisenfeld & Maxwell, Modern Social Legislation 416 (1950); 7 Appleman, Insurance Law and Practice, *s.* 4624, *p.* 471. For the reasons stated above I should sustain the defendant's motion to dismiss.

LAMPRON, J., concurs in this opinion.

ON REHEARING. After the foregoing opinion was filed, the defendant moved for a rehearing and leave was granted to *amici curiae* to appear.

*Sheehan, Phinney, Bass, Green, & Bergevin* and *Richard A. Morse* (*Mr. Phinney* orally), for the defendant American Employers Insurance Co., for the motion.

*Hinkley & Hinkley* (*Mr. Walter D. Hinkley* orally), for the American Mutual Insurance Alliance, as *amicus curiae*, for the motion.

*Sulloway, Hollis, Godfrey & Soden* (*Mr. Godfrey* orally), for Association of Casualty and Insurance Companies, as *amicus curiae*, for the motion.

*Charles G. Tierney* (of New York) for The American Association of State Compensation Insurance Funds, as *amicus curiae*, for the motion.

*Burns, Bryant & Hinchey* and *Lawrence E. Spellman* (*Mr. Bryant* orally), opposed.

BLANDIN, J. It is now suggested that the effect of the majority opinion is to hold the defendant liable to the plaintiff in her tort action. This is not so. Upon a trial of the case in order to prevail it will of course be necessary for her to prove her essential allegations, which upon the defendant's motion to dismiss we now take as true.

In regard to the case of *Schultz v. Standard Accident Ins. Co.,* 125 F. Supp. 411 (E. D. Wash. 1954), it may well be that it cannot be said with certainty precisely upon what grounds the decision rests. However, the opinion does stress the fact that under the statute there involved the remedies against the employer or a third person were mutually exclusive and that to permit recovery against the carrier would open the door to double recovery. This, as previously pointed out, is contrary to our law. Furthermore, in the case before us, contrary to the situation in the *Schultz* case, the defendant is not being sued because of anything it did pursuant

to either our compensation statute or the policy of compensation insurance issued by it, but because of independent action undertaken which it is alleged resulted in the plaintiff's injuries. It is thus clear that the *Schultz* case and opinions based upon similar facts and rationale are not decisive here.

*Former result affirmed.*

KENISON, C. J. and LAMPRON, J., dissented for reasons previously expressed; the others concurred.

June 30, 1960.