**Hansome YOUNG, Jr., Plaintiff,**

v.

**O.A. NEWTON & SON COMPANY, a Delaware corporation, and the Home Indemnity Company, a foreign corporation, Defendants.**

Superior Court of Delaware,
New Castle County.

Submitted: Dec. 27, 1983.
Decided: March 30, 1984.

Arthur Inden, and Barry M. Willoughby, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

Richard W. Pell and Anne L. Naczi, of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendant Home Indemnity Company.

TAYLOR, Judge.

Plaintiff, while an employee of Draper Canning Company [employer], suffered a compensable industrial accident. Defend-

ant Home Indemnity Company [Home] provided workmen's compensation insurance coverage for plaintiff's employer. In this suit, plaintiff has sued Home alleging that Home made regular inspections of employer's factory and was negligent in that it failed to (a) properly inspect said auger assembly for safety guards; (b) give warnings on the necessity of properly guarding said auger assembly; (c) provide instructions on the adequate guarding of said auger assembly; (d) warn potential users such as plaintiff of the dangers to be anticipated in the use of said auger assembly; (e) adequately examine said auger assembly to determine potential sources of danger for users such as plaintiff; (f) take appropriate steps to eliminate such dangers to plaintiff; (g) inspect and maintain said auger assembly properly; and (h) give adequate instructions on how to use said auger assembly.

### I

Home has moved for summary judgment. Home's basis for the motion is that since it is the insurance carrier which provided the workmen's compensation coverage which applies to plaintiff, it is not liable to employee for plaintiff's injury arising out of and in the course of employment. Home points out that 19 *Del.C.* § 2304 provides that the Workmen's Compensation Law binds employers and employees "to the exclusion of all other rights and remedies". The broad impact of this provision on common law actions has been recognized by recent decisions of the Delaware Supreme Court. *Kofron v. Amoco Chemical Corp.*, Del.Supr., 441 A.2d 226 (1982); *Dickinson v. Eastern R.R. Builders*, Del. Supr., 403 A.2d 717 (1979).

Home points to the definition of employer in 19 *Del.C.* § 2301(9) which reads:

"Employer" includes all those who employ others unless they are excluded from the application of this chapter by any provision of this subchapter, and if the employer is insured, the term shall include the insurer as far as practicable ...

Based upon that definition Home contends that it has the same immunity from common law tort actions as plaintiff's employer has.

Examination of the statutory history of the Delaware Workmen's Compensation Law, 19 *Del.C.* Chapter 23, shows that the initial statute which established Workmen's Compensation in Delaware in 1917 provided that the employer and its workmen's compensation carrier would "as far as practicable" be accorded the same treatment, 29 *Del.Laws* Ch. 233, 3193 pp. Section 135, and that the concept has been retained as the definitional guide for applying the Workmen's Compensation Law to the present time.[1] Under the Delaware statute the insurer is included (as far as practicable) in the definition of "employer". According to this definition, where the text uses the word "employer," it includes the insurer unless the text renders the inclusion of the insurer to be impracticable.

§ 2304 binds every employer and employee to pay and accept workmen's compensation "to the exclusion of all other rights and remedies". Nothing in that section indicates that the legislature did not intend to use the word "employer" in § 2304 as it had defined that term in § 2301(9). Nor has the Court's attention been directed to any consideration which makes it impracticable to include the carrier in the application of that section. The predecessor of § 2304 also is found in the original 1917 Act. 29 *Del.Laws* Ch. 233, 3193 d. Section 97 provided that every employer and employee who has elected to be bound by the Act is bound "to pay and accept [workmen's] compensation ... regardless of the question of negligence, and to the exclusion

---

**1.** Professor Larson lists Delaware among 23 states whose statutes virtually dispose of the issue by assimilating the carrier into the employer category and excluding the carrier from the third-party category. 2A *Larson's Workmen's Compensation Law,* § 72.93, pp. 14–287–290.

of all other rights and remedies ..." In 1941, when the elective feature of the Workmen's Compensation Law was eliminated and the Law was made generally mandatory, that statute established the language which now appears as § 2304 and repeated the prior exclusionary language which excluded "all other rights and remedies". 43 *Del.Laws* Ch. 269.

Plaintiff contends that the point of focus should be 19 *Del.C.* § 2363 which addresses the status of litigation against so-called third persons. In its present form § 2363(a) reads:

§ 2363. Third person liable for injury; right of employee to sue and seek compensation; right of employer and insurer to enforce liability; notice of action; settlement and release of claim and effect thereof; amount of recovery; reimbursement of employer or insurer; expenses of recovery; apportionment; compensation benefits.

(a) Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with this section. If the injured employee or his dependents or personal representative does not commence such action within 260 days after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of suit by any party under this section, such party shall notify, by registered mail at their last known address,

the Industrial Accident Board, the injured employee or, in the event of his death, his known dependents or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in said suit.

The genesis of § 2363 is also found in the 1917 Workmen's Compensation Act. 29 *Del.Laws* Ch. 233, 3193 *ll.* Section 131 permitted an injured employee to have the option to collect workmen's compensation or to recover damages whenever the injuries "shall have been sustained under circumstances creating in some other person other than the employer, a legal liability to pay damages in respect thereto". If the employee claimed workmen's compensation the employer was subrogated to the employee's rights but any excess over the employer's payments was to be paid to the injured employee. This language was retained in substantially its original form until amended to its present form by 50 *Del. Laws* Ch. 339 in 1955. The major change made by that amendment was to require an injured employee to elect whether to take workmen's compensation or to sue the third party, thus permitting an injured employee to sue the third party even though he had collected workmen's compensation, provided the employee brought suit within 260 days after the injury. The description of the party whom the employee could sue was not changed (other than by a slight rearrangement of the words), except that the exclusion was extended to "a natural person in the same employ". Thus, the common subject of suit under § 2363 under the present and its predecessor language involves injury to an employee caused or sustained "under circumstances creating in some person other than" the employer, and the person who may be sued is referred to as "some person other than the employee" or "some other person than the employer" or as the "third person" or "third party". Nothing in the context of the provision defining who can be sued indicates any

legislative intent not to apply the statutory definition of "employer," which includes insurer.

Plaintiff contends that the reference in § 2363 to "compensation insurance carrier" indicates that as used in that section (in its present form) the word "employer" did not include the insurer, since the § 2301 definition of "employer" included the insurer, and the reference to carrier in § 2363 would not have been needed. It has been noted above that the 1955 amendment made no material change in the portion of the section which described who could be sued. The real change was in describing who could sue and under what conditions. It is in this newly constructed language where the references to compensation insurance carrier appear. Since the thrust of that language was to assure a right of subrogation to obtain reimbursement for workmen's compensation which had been previously paid, it is understandable that the draftsman might mention those who would have made the workmen's compensation payment. In any event, the overriding consideration is that the language describing who could be sued so closely tracks the prior language that I find no apparent intent to ignore the definition in § 2301 since substantially the same language was subject to that definition before the 1955 amendment.

Considering § 2363 in the light of the definitional requirement that the insurance carrier be treated the same as the employer "as far as practicable," I find no practical factor or consideration which would bar treating the workmen's compensation carrier similarly to that accorded to the employee's literal employer.

■ Based on the foregoing considerations, I find that the compensation insurance carrier is not a person against whom suit is authorized by § 2363 and that suit against the carrier is barred by § 2304.

■ Plaintiff also contends that notwithstanding the Delaware statutory provisions the carrier is not protected against negligent performance of the function of safety inspections. Professor Larson in 2A *Larson's Workmen's Compensation Law* § 72.91, pp. 14–265 to 283 cites decisions from other jurisdictions whose statutes are less absolute than the Delaware statute which have treated safety inspections differently from general workmen's compensation carrier liability. It is noted that various states after decisions permitting tort suit against carriers have amended their workmen's compensation laws to extend employer tort immunity to carriers. Ibid. With respect to the 23 states whose laws are comparable to the Delaware law, the statute "virtually disposes of the issue [of workmen's compensation carrier liability] by express language". 2A *Larson's Workmen's Compensation Law* § 72.93, pp. 14–288 to 290. The various cases relied upon by plaintiff [2] do not involve the statutory language and history existing in Delaware.

---

**2.** *Nelson v. Union Wire & Rope Corporation,* Ill.Supr., 31 Ill.2d 69, 199 N.E.2d 769 (1964); *Corson v. Liberty Mutual Ins. Co.,* N.H.Supr., 110 N.H. 210, 265 A.2d 315 (1970); *Cline v. Avery Abrasives, Inc.,* N.Y.Supr., 96 Misc.2d 258, 409 N.Y.S.2d 91 (1978); *United States Fidelity and Guaranty Co. v. Jones,* Ala.Supr., 356 So.2d 596 (1978); *Staffney v. Fireman's Fund Ins. Co.,* Mich.App., 91 Mich.App. 745, 284 N.W.2d 277 (1979); *Beasley v. MacDonald Engineering Company,* Ala.Supr., 287 Ala. 189, 249 So.2d 844 (1971); *Fabricus v. Montgomery Elevator Company,* Iowa Supr., 254 Iowa 1319, 121 N.W.2d 361 (1963); *Ray v. Transamerica Insurance Company,* Mich.App., 10 Mich.App. 55, 158 N.W.2d 786 (1968); *Olkowski v. Aetna Casualty & Surety Company,* Mich.App., 53 Mich.App. 497, 220 N.W.2d 97 (1974), *aff'd,* Mich.Supr., 393 Mich. 758, 223 N.W.2d 296 (1974); *Rush v. Nevada Industrial Insurance Commission,* Nev. Supr., 94 Nev. 403, 580 P.2d 952 (1978); *Smith v. American Employers' Insurance Company,* N.H.Supr., 102 N.H. 530, 163 A.2d 564 (1960); *Mays v. Liberty Mutual Insurance Co.,* 3d Cir., 323 F.2d 174 (1963); *Bryant v. Old Republic Insurance Co.,* 6th Cir., 431 F.2d 1385 (1970); *Ruth v. Bituminous Casualty Co.,* 6th Cir., 427 F.2d 290 (1970); *Fuller v. Aetna Casualty Co., Inc.,* S.D.Miss., 369 F.Supp. 967 (1974); *Smith v. Liberty Mutual Insurance Co.,* M.D.N.C., 409 F.Supp. 1211 (1976).

In concluding the discussion of the Delaware statute, it must be borne in mind that the entire concept of workmen's compensation is of legislative creation and, therefore, may be legislatively changed if a different policy is appropriate. Professor Larson philosophizes at length on the considerations which support and negate absolute carrier immunity from tort suit. 2A *Larson's Workmen's Compensation* §§ 72.96–72.99, pp. 14–295 to 317. Whether any of these warrant modification of the statutory inclusion of the carrier with the literal employer under the Workmen's Compensation Law is a matter of public policy which the legislature may properly address.

## II

Plaintiff also contends that to construe the Workmen's Compensation Act to bar suit against the workmen's compensation insurer for damages resulting from its negligence violates Section 9, Article I of the *Delaware Constitution.* The language relied upon reads:

All courts shall be open; and every man for an injury done him in his reputation, person, movable or immovable possessions, shall have remedy by the due course of law, and justice administered according to the very right of the cause and the law of the land, without sale, denial or unreasonable delay or expense.

Plaintiff cites the following language of *Gallegher v. Davis,* Del.Super., 183 A. 620 (1936):

With regard to the public it may be accepted that the legislature may not abolish the common law right of action to recover damages for negligent injury without substituting another substantially adequate remedy, for such right of action is a fundamental and essential right founded in natural justice.

That language was used by this Court in upholding the constitutionality of the Delaware Automobile Guest Passenger Act. *Gallegher* was cited with approval in *Justice v. Gatchell,* Del.Supr., 325 A.2d 97 (1980). Based on the language of *Gallegh-*er, plaintiff contends that no substantially adequate remedy is provided by the Workmen's Compensation Act. This contention apparently is based on the fact that no recovery is provided against the carrier in its individual capacity as distinguished from the carrier as the insurer of the employer.

The Delaware Supreme Court stated the underlying objective of Workmen's Compensation Acts as follows in *Hill v. Moskin Stores, Inc.,* Del.Supr., 165 A.2d 447, 451 (1960):

[Workmen's Compensation Acts] are designed to eliminate questions of negligence and fault in industrial accidents, and to substitute a reasonable scale of compensation for the common-law remedies, which experience had shown to be, generally speaking, inadequate to protect the interest of those who had become casualties of industry. See 1 Larson, Workmen's Compensation, § 2.20 and § 4.50. The acts were passed for the benefit of the employee, and to relieve him from the expense and hazard attending a lawsuit.

\* \* \* \* \* \*

Of course, in some cases, of which this may well be one, a recovery might be had at law exceeding the compensation payable under the act. But the policy of the law is to take the whole subject out of the field of negligence. The overall benefit to the employee is clear. For that benefit he gives up the right to sue at law.

Amplifying this concept, this Court has stated:

Workmen's Compensation Laws, whether elective or compulsory, have generally been upheld as a reasonable legislative resolution of the difficult and complex problems existing between employer and employee and the risks of industrial work which result in injuries suffered by employees. The impact of the relations between employer and employees upon the community, the vast number of people affected, the ability to

bear the risk of loss are all factors which differentiate the problems of the industrial accident from those surrounding other types of accident. *Ward & Gow v. Krinsky*, 259 U.S. 503, 42 S.Ct. 529, 66 L.Ed. 1033 (1921); 1 Schneider's Workmen's Compensation §§ 11-15, pp. 29–40. Moreover, the pattern of the Workmen's Compensation Law provided a new system of recovery under which the employer and the employee each gave up some of the potential benefits which existed under common law and each party was relieved of certain disabilities which existed under common law. *New York C.R. Co. v. White*, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1916). These considerations are not present in considering the liability and defenses of a third party. Moreover, since the third party is not otherwise affected by the provisions of the Workmen's Compensation Law, there are no compensating factors justifying the loss of the common law defenses.

*Dickinson v. Eastern R.R. Builders*, Del. Super., 378 A.2d 650 (1977).

■ Two classes other than the employer and the injured employee are dealt with in the Workmen's Compensation Act. These are: the fellow employee and the employer's workmen's compensation insurance carrier. It has been noted above that § 2363 excludes "a natural person in the same employ" as the injured employee from liability for injury resulting to a fellow employee. Cf. *Ward v. GMC*, Del.Super., 431 A.2d 1277 (1981). Similarly, as found above, the employer's workmen's compensation insurance carrier is not liable except to pay workmen's compensation. The protection afforded to fellow employees is intended to promote industrial tranquility by barring suits between employees. The rationale for affording to the carrier the same protection as the employer is set forth by the Delaware Supreme Court in *Frank C. Sparks Co. v. Huber Baking Co.*, Del.Supr., 96 A.2d 456 (1953) at pages 461-2:

The Workmen's Compensation Law as a practical matter does not differentiate between the "employer" and "insurer" for the most part. It requires all employers except those classified as self-insurers, of which, we understand, there are few, to carry Workmen's Compensation Insurance, 1935 Code, § 6096 [Recodified as 19 Del.C. § 2372] and requires that the insurance carrier shall agree to be bound by and be subject to all awards and decisions of the Industrial Accident Board, 1935 Code, § 6101 [Recodified as 19 Del.C. § 2378(a)]. The insurance carrier is further required to be bound to a direct promise to the person entitled to compensation to pay all awards made by the Board, 1935 Code, § 6102 [Recodified as 19 Del.C. § 2378(b)] and penalties imposed for delay in making payments of compensation may be assessed only against insurance carriers and self-insured employers, 1935 Code, § 6080 [Re-codified as 19 Del.C. § 2362]. The insured employer is free from imposition of penalties in the event of a delay in the making of payments.

The effect of the above mentioned provisions of the Workmen's Compensation Law is to make the insurance carrier the primary source of payment of compensation benefits. It is forced to assume, when qualifying as an insurance carrier, all the liabilities of the employer with respect to the payment of compensation. The insurance carrier is made the surety of the employer in this respect.

■ It appears that underlying plaintiff's constitutional argument is the premise that the quoted language of the Delaware Constitution requires that any substitute for common law litigation must provide an alternate method of recovery against each party which would be liable under common law. This proceeds from the assumption that the objective of Section 9, Article I of the *Delaware Constitution* is to assure that every person who is liable under common law must be liable under any substitute remedy. That is not the thrust of the constitutional provision.

The focus of the constitutional language is to assure a method by which an injured person may be compensated reasonably for his injury. Therefore, the test is whether the alternate method of compensation assures that the injured employee will receive reasonable compensation for his injury. I do not find that the rights of an injured employee under that section of the Delaware Constitution are violated by shifting the liability for compensating the injury to the employee from one person to another if the likelihood of compensation of the injured employee is not impaired by the shifting of liability. Actually, in the case of an insurance carrier which also provides industrial safety inspections as a service related to its insurance coverage, the injured employee has a remedy against that carrier under Workmen's Compensation Law just as he would have a remedy under common law (absent the Workmen's Compensation Law) against the carrier. Therefore, the remaining question is whether workmen's compensation provides a reasonable method for compensating an employee for work-related injury.

> Workmen's Compensation Laws ... have generally been upheld as a reasonable legislative resolution of the difficult and complex problems existing between employer and employee and the risks of industrial work which result in injuries suffered by employees. The impact of the relations between employer and employees upon the community, the vast number of people affected, the ability to bear the risk of loss are all factors which differentiate the problems of the industrial accident from those surrounding other types of accident. *Ward & Gow v. Krinsky,* 259 U.S. 503, 42 S.Ct. 529, 66 L.Ed. 1033 (1921); 1 Schneider's Workman's Compensation §§ 11–15, pp. 29–40. Moreover, the pattern of the Workmen's Compensation Law provided a new system of recovery under which the employer and the employee each gave up some of the potential benefits which existed under common law and each party was relieved of certain disabilities which existed under common law. *New York C.R. Co. v. White,* 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1916).

*Dickinson v. Eastern R.R. Builders,* supra, at p. 655.

 In summary, the Workmen's Compensation Law has been found to be a reasonable method of assuring compensation for employees who suffer work-related injuries and that binding the employer and the employee to that system without the benefit and risk of a jury trial, the charges and defenses inherent in a tort suit, and the possibility of a substantial jury verdict is constitutionally valid. Since the prompt assured payment of workmen's compensation, except in the case of a self-insured employer, depends upon the participation of an insurance carrier serving under contract with the employer, the relationship between the carrier, the employer and the employee is such that legislation giving the employer and its carrier the same identity is a reasonable adjunct under the Workmen's Compensation Law. Accordingly, I do not find that the portion of the Workmen's Compensation Law which extends immunity from suit to the employer's workmen's compensation insurance carrier violates Section 9, Article I, of the Delaware Constitution.

The Home Indemnity Company will submit an appropriate Order on notice or consent.