See also 534 A.2d 272.

Charles **MERGENTHALER**, et al., Randolph W. Pannell, et al., Robert Logan, et al., Joseph Trzcinski, et al., Elizabeth J. Tull, et al., Plaintiffs,

v.

**ASBESTOS CORPORATION OF AMERICA, INC., et al.,** Defendants.

Superior Court of Delaware, New Castle County.

Submitted: April 17, 1987.
Decided: Sept. 30, 1987.

Robert Jacobs, Thomas C. Crumplar, and Douglas B. Canfield, of Jacobs & Crumplar, P.A., Wilmington, for plaintiffs.

Jeffrey S. Marlin, of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendant Employers Mut. Ins. Co. of Wisconsin.

Robert B. Young, of Young & Sherlock, Dover, and Richard M. Shusterman, and Randy A. Maslow, of White and Williams, Philadelphia, Pa., for defendant Ins. Co. of North America.

David S. Shamers, for Richard F. Rago, Wilmington, and William C. Foster, and Joseph A. Daly, of Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., for defendant Liberty Mut. Ins. Co.

TAYLOR, Judge.

Defendants Employers Mutual Liability Insurance Company of Wisconsin [Employers Mutual], Insurance Company of North America [INA] and Liberty Mutual Insurance Company [Liberty Mutual] [collectively, defendants] all provided worker's compensation insurance coverage and related services to Haveg Industries, Inc. [Haveg], or its alleged successors, during the time plaintiffs worked at Haveg's Marshallton plant. Liberty Mutual provided coverage from 1945 to 1959, INA from 1959 to 1963, and Employers Mutual from 1963 to 1972.

In conjunction with the worker's compensation insurance coverage, these defendants provided safety inspections, industrial hygiene and medical advice to Haveg. Plaintiffs contend that they, as employees, are third-party beneficiaries of these contracts.

Plaintiffs allege that they have developed cancer, asbestosis and other asbestos-related diseases from their exposure to asbestos at the Haveg plant. Plaintiffs seek to recover against defendants on the ground that defendants breached their contractual obligation to provide safety inspections, advice on safety precautions, and advice pertaining to health care and screening [collectively, safety assistance] at the Haveg plant. The defendants have moved to dismiss the complaint on the ground that plaintiffs' sole basis of recovery against them, if any, is under the provisions of Delaware's Workmen's Compensation Law, 19 *Del.C.* § 2301, *et seq.*

## I

A complaint will not be dismissed for failure to state a claim unless it is clear that the plaintiff would not be entitled to relief under any set of facts which could be proved to support the claim asserted. *Diamond State Telephone Co. v. University of Delaware*, Del.Supr., 269 A.2d 52, 58 (1970).

## II

The starting point of this analysis is the exclusive remedy provision of the Workmen's Compensation Law. This provision, 19 *Del.C.* § 2304, provides:

> Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.

Therefore, anyone qualifying as an "employer" is protected from an employee's tort claim for injury or disease arising from employment.

The term "employer" is defined by 19 *Del.C.* § 2301(10) as including "all those who employ others unless they are excluded from the application of this chapter by any provision of this subchapter, and if the

employer is insured, the term shall include the insurer as far as practicable".

The Workmen's Compensation Law intended the employer and the insurer in general to have similar rights and liabilities. Hence, this common identity would be applied except where the context required a different result. *Frank C. Sparks Co. v. Huber Baking Co.*, Del. Supr., 96 A.2d 456, 461–2 (1953); *Young v. O.A. Newton & Son Co.*, Del.Super., 477 A.2d 1071, 1073, 1077 (1984). There is nothing in the wording of the exclusive remedy provision to indicate that the legislature did not intend to include the insurer in its use of the word "employer" in that provision, nor is this Court aware of any considerations which would, as a general matter, make it impracticable to include the insurer under that provision. *Young*, 477 A.2d at 1073. This conclusion is in harmony with the treatment of worker's compensation insurers in many other states. 2A *Larson's Workmen's Compensation Law* § 72.93, at 14–287 to 292.

The function of the insurer is to meet the financial obligations imposed on the employer by the Workmen's Compensation Act. It "insures employers against liability under [that Act] or against liability at common law for accidental injuries to employees". 19 *Del.C.* § 2301(13). The insurer is the surety for the employer. *The Bureau of Adult Corrections, et al. v. Dernberger*, Del.Supr., 529 A.2d 245 (1987) (McNeilly, J.); *Graham v. Forbes Steel and Wire Co.*, C.A. No. 83C–MR–12, Poppiti, J. (February 22, 1984). Since the prompt payment of worker's compensation is of primary significance to the Workmen's Compensation Law, the insurer's obligation with respect to such payments must be applied as strictly as that of the employer. The same reasoning which binds the insurer to the employer's obligation should also bind the insurer to the same protection against tort litigation which protects the employer.

### A.

■ First, plaintiffs argue that the insurance companies should not be considered as equivalent to the employer in this case because these same insurance companies have denied in another case that they are liable for compensation payments. Plaintiffs argue that if the insurers will not accept the burdens of the employer under the Workmen's Compensation Law, they should not be entitled to the benefits. This argument rests on emotion and ignores the principle that defendants' status and liabilities rest upon the Court's application of principles of law and pertinent statutes.

■ Plaintiffs next contend that defendants are not protected from tort suit because these defendants have no worker's compensation liability to plaintiffs, citing *Champlain Cable Co. v. Employers Mutual Liability Insurance Co.*, Del.Supr., 479 A.2d 835 (1984). *Champlain* considered whether liability for worker's compensation should be pro-rated among the successive insurers which provided coverage while the employee's work exposed him to asbestos. *Champlain* rejected the proration contention and held that the insurer (or self-insurer) at the time the disease manifested itself was liable for those worker's compensation claims. It is true that *Champlain* relieves these defendants from liability for paying worker's compensation to these plaintiffs because of the date of manifestation of their disease. It does not relieve defendants from paying worker's compensation to employees whose occupational disease manifested itself in the period while that coverage was in effect or to employees who have worked for a different employer where there was no asbestos exposure. The basis for defendants' entitlement to protection from tort suit is found in the risk which they assumed under the Workmen's Compensation Law. In *Champlain* the Supreme Court in the following language emphasized the importance of the risk-taking obligation in this field:

> Moreover, each of the carriers on the risk during the respective years of coverage provided full workmen's compensation coverage, as the Act requires, and each would have been required to respond to any claim for occupational dis-

ease which manifested itself while such coverage was in effect.

*Champlain*, 479 A.2d at 842.

This Court dealt with the question of tort immunity for successive employers in *Lee v. A.C. & S. Co., Inc.*, Del.Super., C.A. No. 79C–DE–125, Walsh, J. (September 25, 1981) (Letter Opinion). The pertinent language of *Lee*, quoted in *Farrall v. Armstrong Cork Co.*, Del.Super., 457 A.2d 763 (1983) at 766–7, reads:

> the immunity of a particular employer does not depend on whether [that employer] responds to a claim at any particular time, so long as an entitlement to full compensation benefits is available through the response of one or more employers in the chain of employment.

The holding in *Lee* applies equally to worker's compensation insurers whose obligation is coextensive with the employer. 19 *Del.C.* § 2372.

The foregoing considerations support the holding of the Court in *Young* that insurers who provided worker's compensation insurance are protected from tort suits brought by employees who worked for that employer during the period of that coverage.

### B.

■ Plaintiffs assert that the contractural obligations of defendants went beyond providing worker's compensation. They argue that defendants assumed an obligation to provide and negligently provided safety assistance, resulting in the plaintiffs' disease. Plaintiffs contend that these services went outside of merely providing insurance coverage, and, thus, should not be excluded from common law tort liability.

This Court in *Young*, 477 A.2d 1071, dealt with arguments involving similar contentions with respect to safety assistance. In *Young*, the Court noted that the Workmen's Compensation Law treats the employer and the insurer the same "as far as practicable" (19 *Del.Laws* § 2301(10)), *Young*, 477 A.2d at 1075, and that the Workmen's Compensation Law is the employee's remedy to be utilized "to the exclusion of all other rights and remedies"

(19 *Del.C.* § 2304). *Young*, 477 A.2d at 1073. In the light of the statutory language referred to above and legislative history in Delaware, this Court determined that the providing of such safety assistance did not serve to divest the insurance company of its statutory immunity from common law suit. *Young*, 477 A.2d at 1075–76. That holding applies here.

Another analysis reaches the same conclusion. Under 19 *Del.C.*, Ch. 23, the subject focus is upon working conditions to which an employee is subjected arising out of and in the course of employment. 19 *Del.C.* § 2304. This standard is applied in determining whether an injury or occupational disease is compensable. 19 *Del.C.* § 2301(15) and § 2301(4). It is the standard which determines the payment of compensation and excludes "all other rights and remedies" and it also governs the rights and liabilities of the insurer. Safety in the work place is basic in protecting workers. *Introduction to the Delaware Workmen's Compensation Law of 1917*, 29 *Del.Laws* Ch. 233. To the extent that an insurer assists the employer in attempting to assure safe working conditions, it involves itself in the working condition and, therefore, creates an additional ground placing the employer and the insurer in the same position. This supports the common status contemplated in 19 *Del.C.* § 2301(10). Hence, under this reasoning, the insurer's function coincides with that performed by the employer. Accordingly, 19 *Del.C.* § 2304 provides the same protection from suit to the insurer in performing that function as that accorded the employer.

Other arguments on this subject raised by plaintiffs were considered and rejected in *Young*. There, the Court recognized that some states have reached a different result based on their particular Workmen's Compensation Laws.

Based on the foregoing considerations, I conclude that these defendants are protected by 19 *Del.C.* § 2304 from tort suits based on safety assistance provided or undertaken by these defendants during the

time they insured plaintiffs' employers from workmen's compensation.

## C.

Plaintiffs' third argument is that they are entitled to recovery based upon the contracts between the defendants and the employer to provide the safety assistance. Plaintiffs contend that by performing these services negligently, defendants have breached these contracts. Thus, they assert that defendants are liable to the plaintiffs for breach of contract and that Workmen's Compensation Law does not bar such suit.

Plaintiffs cite *Diamond State*, 269 A.2d 52, as support for this proposition. That case involved a third-party complaint seeking indemnification from the third-party defendant [employer] for amounts recovered by the injured employee against the third-party plaintiff. *Diamond State*, 269 A.2d at 54. The Supreme Court noted that liability for indemnification by the employer must be based on some theory other than tortious conduct on its part. *Diamond State*, 269 A.2d at 56. The Court determined that:

> a possible liability in indemnification may come into existence if there is a contract between ... [the employer] and the third-party plaintiff for the performance of services by the [employer] ... on the premises of the third-party plaintiff.

*Diamond State*, 269 A.2d at 58.

The pertinent claim (third-party claim) considered in *Diamond State* was between parties which had no employer-employee relationship to each other. Further, liability in that case rested on indemnification rights which the Court found existed under a contract between those parties. The Supreme Court held the employer liable for indemnification based upon the contract between the third-party plaintiff and the employer. However, the Supreme Court indicated that in the absence of the contractual right of indemnification, the employer was not liable to plaintiff.

The sole basis for recovery allowed in *Diamond State* is indemnification. Indemnification is the right of a party which has been required to make payment to another person to obtain reimbursement from another party. The indemnification allowed in *Diamond State* was reimbursement for damages which the third-party plaintiff had paid. The relationship of the parties here is different from that in *Diamond State*. Here, the contracting parties are the employer and the insurer. Neither employer nor insurer has suffered damages as a result of insurer's alleged failure to provide proper safety assistance. Employer has not suffered loss because its only potential liability—worker's compensation—was paid by insurer. Therefore, employer has been indemnified by insurer for its only known loss or damage.

Even though in this portion of the complaint plaintiffs cast their claims in terms of breach of contract, their claim is for damages for occupational disease. It has consistently been held in Delaware that when an action by an employee is in reality an effort to recover for physical injury which arose out of and in the course of employment, it is barred by the Workmen's Compensation Law even if cast in a different form. *Mergenthaler v. Asbestos Corp. of America*, Del.Supr., 480 A.2d 647, 650 (1984); *Nutt v. A.C. & S. Co. Inc.*, Del.Super., 466 A.2d 18, 22 (1983); *Battista v. Chrysler Corp.*, Del.Super., 454 A.2d 286, 288–89 (1982). Since these actions are essentially for recovery for physical injury (occupational disease) for which plaintiff employees are covered by the worker's compensation, this action even though couched in terms of contract or indemnification must be considered in the light of the provisions of the Workmen's Compensation Law.

## D.

In a footnote to their answering brief, plaintiffs assert that four wives and two children in these cases have developed asbestos-related diseases. Plaintiffs argue that these six plaintiffs are not employees, nor are their claims derivative of employees' claims, and, thus, the Workmen's Compensation Law does not apply to them. This Court has suggested that "[i]f the spouse's claim is a direct one, *i.e.*, one which may be asserted whether or not the

employee can recover, it is controlled by common law tort consideration." *Farrall v. Armstrong Cork Co.*, Del.Super., 457 A.2d 763, 771 (1983).

Defendants in opposing this suggestion note that as of the time of the filing of the briefs, the complaints in these cases had not been amended to assert these direct claims. This Court has not been informed that these complaints have been subsequently amended. If not, of course, the issue is moot. In addition, the plaintiffs' assertion consisted only of a short footnote, suggesting that their comment was just a side remark which they were not in fact arguing in this briefing. With the issue in this state, it would not be proper for this Court to reach a determination of this issue at this time.

### III

■ Plaintiffs whose work-related asbestos exposure occurred prior to 1949 contend that their claims against Liberty Mutual should not be dismissed because Liberty Mutual was the worker's compensation insurer for the Haveg plant during their pre–1949 employment. This argument rests on the fact that asbestos-related disease was not a compensable occupational disease before 1949. Plaintiffs note that only those injuries cognizable under the Workmen's Compensation Law are covered by the exclusive remedy provision. *See Battista v. Chrysler Corp.*, Del.Super., 454 A.2d 286, 289–90 (1982); *Hendrickson v. Continental Fibre Co.*, Del.Super., 136 A. 375, 376–77 (1926).

This Court has recently addressed the issue of whether a plaintiff, whose last employment with that employer pre-dated 1949, could bring a tort suit against that employer based on pre–1949 job-related asbestos exposure. *Mergenthaler, et al. v. Asbestos Corp. of America, Inc., et al.*, 534 A.2d 272 (1987). That decision held that tort suit based on pre– 1949 job-related asbestos exposure could not be maintained against an employer because it was barred by 19 *Del.C.* § 2304. In the earlier part of this decision, the Court has determined that the protection of 19 *Del.C.* § 2304 extends

worker's compensation to the insurer as well as to the employer. Accordingly, since the pre–1949 (or pre–1974) employer which was covered by the Workmen's Compensation Law is liable for worker's compensation for occupational disease related to work-related asbestos exposure, the insurer which insured the employer's liability for that compensation is also protected from tort claim relating to that disease.

### IV

In summary, the Workmen's Compensation Law bars all common law claims against all the defendants. As noted in part II.D., however, nothing in this decision should be considered as a determination whether spouses or children who have developed asbestos-related diseases have a separate claim against the defendants.